## Commonwealth *v.* Sendrow, Appellant.

Argued October 14, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Francis J. Walsh,* for appellant.

*Hugh D. Scott, Jr.,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY KELLER, P. J., November 20, 1935:

The appellant, Sendrow, was charged, in four separate indictments, with having received, within the limits of this Commonwealth[1], certain goods and chattels which had been stolen and feloniously taken by one Nalbone, knowing the same to have been feloniously stolen, taken and carried away. Nalbone was arrested for the larceny of these goods. He confessed and implicated one Fischer as being a receiver of stolen goods. Fischer, in turn, on being arrested, informed the police that he had sold the goods to this appellant, who was, thereupon, arrested and indicted as aforesaid. Written statements or confessions were obtained by the police from both Nalbone and Fischer.[2]

The separate indictments against Nalbone for larceny, against Fischer for receiving stolen goods, and against Sendrow for receiving stolen goods, were set for trial together.

Nalbone and Fischer pleaded 'guilty.' Sendrow pleaded 'not guilty', and the trial proceeded on the indictments against him alone. Nalbone and Fischer testified against him as witnesses for the Commonwealth. The trial resulted in a verdict of guilty on all four indictments. From the judgment of sentence Sendrow has appealed.

The evidence adduced on the trial was, in our opinion, sufficient to take the case to the jury, but there were basic errors in the admission of evidence and in the charge of the court, which prejudicially affected the defendant's right to a fair trial (Com. v. O'Brien, 312 Pa. 543, 168 A. 244), and require a reversal of the judgment.

(1) Nalbone and Fischer, were not on trial. They had pleaded guilty to the indictments against them. They testified as witnesses for the Commonwealth in

[1] Contrary to the Act of April 23, 1909, P. L. 159.

[2] Fischer's statement was not signed by him.

the trial of Sendrow, and their evidence, together with the competent evidence of the police officers,—some incompetent evidence was also given by the police—was sufficient to take the case to the jury. But the district attorney offered, and the court admitted, in evidence against Sendrow the written statements or confessions which Nalbone and Fischer had made to the police. They were not admissible against this appellant for any purpose; and no one else was being tried. They were, as against this appellant, the veriest hearsay: Com. v. Epps, 298 Pa. 377, 380, 148 A. 523. They could not be used to corroborate or strengthen the evidence given in court, of the men who made them, testifying as witnesses on behalf of the Commonwealth. The case differs from Com. v. Smith, 105 Pa. Superior Ct. 497, 501, 161 A. 418, in that in that case, Fisher, who made the confession, in the presence of the defendant, did not testify in court; and from Com. v. Ballon, 229 Pa. 323, 327, 78 A. 831, and Com. v. Carelli, 281 Pa. 602, 606, 127 A. 305, for the additional reason that in those cases the confession implicating the defendant had been read to him and, at least tacitly, assented to by him.

The police officers could, and did, testify[3] to oral statements made by Fischer, in the presence of Sendrow, tending to show knowledge by the latter that the goods he had bought from Fischer had been stolen. But the written statements or confessions made by Nalbone and Fischer had no place in the case on trial and should not have been received in evidence, or read to the jury. The jury might very well have regarded these statements as supplying the corroboration which the law deems advisable in passing on the testimony of confessed accomplices.

(2) The court below, in charging the jury, did not follow our ruling in Com. v. Baker, 115 Pa. Superior

---

[3]See Com. v. Coyne, 115 Pa. Superior Ct. 23, 25, 175 A. 291.

Ct. 183, 175 A. 438. We pointed out in that case that under the Act of April 23, 1909, supra, in order to sustain a verdict of guilty of receiving stolen goods, etc., the jury must find that the defendant *knew*, at the time he received them, that they had been stolen or feloniously taken. The question to be decided by the jury is not whether the defendant should have suspected that the goods had been stolen, or should have been put on inquiry as to whether they had been stolen, but whether he *knew* that they had been stolen.

Circumstances which would lead a reasonably prudent man to suspect that the goods had been stolen, or that would put such a person on inquiry as to the probable source of the goods he was buying may properly be considered by the jury in arriving at the determination of the defendant's guilt, and may lead to a conclusion of guilty knowledge, but a verdict of guilty can rest only on a finding by the jury, from all the evidence, that the defendant *knew* the goods had been stolen when he received them.

The court, in its charge, confused matters which were proper for the jury's consideration in determining the guilt or innocence of the defendant with the vital question before it, and instructed the jury that the question at issue before them was whether the defendant "knew positively that the goods were stolen and if he did not know that, whether, by reason of his knowledge of that business and the price of the merchandise, he knew that he was buying it at such a price below the market price, wholesale or retail, for that merchandise, as to put him on notice, to put him on inquiry, as to where the person who was selling him this merchandise could possibly get it and sell it for a price so much below the usual and regular price for that particular character of merchandise."

As we said before, that was a matter proper for the consideration of the jury, and with the other evidence

in the case it might satisfy the jury that the defendant knew that the goods had been stolen, but it was not the question which the jury had been sworn to try. The law requires *knowledge* by the defendant before there can be a conviction; a finding that he ought to have been put on inquiry is not sufficient.

Another matter requires some notice, although it is not so basic or fundamental as to require a reversal because of it alone.

After Nalbone and Fischer had pleaded guilty, they were no longer on trial. The attorneys who had represented them had no right or authority to take any part in the trial of Sendrow. They were not counsel for the Commonwealth or the defendant. They might properly be heard by the court when their clients were called for sentence; but they had no place or part in the trial of Sendrow and their questioning of witnesses was improper.

The judgment is reversed and a new trial is awarded.