Commonwealth *v.* Richman, Appellant.

Argued May 6, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-

530 

RIGE, STADTFELD, PARKER and RHODES, JJ. 

*William A. Gray,* for appellant.

*Ephraim Lipschutz,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, J., September 28, 1938:

Appellant, indicted under the Act of April 23, 1909, P. L. 159 (18 PS §2861) for receiving stolen goods, was charged with having received a man's watch, of the value of $35, knowing the same to have been stolen or feloniously taken. See *Com. v. Baker,* 115 Pa. Superior Ct. 183, 175 A. 438; *Com. v. Sendrow,* 119 Pa. Superior Ct. 603, 181 A. 450. He was jointly tried with five others (one pleading guilty) on similar indictments by a judge, without a jury, in accordance with the provisions of the Act of June 11, 1935, P. L. 319, No. 141 (19 PS §§786-7-8). The trial judge found him guilty of the charge for which he was indicted. A motion for new trial was overruled, and he was sentenced to imprisonment for a term of not less than three months nor more than three years in the Philadelphia County Prison. This appeal followed.

Appellant had been in business as a pawnbroker for eleven years, and had a good reputation. It was admitted that the watch in question had been stolen by

Edward Smitka from the home of one Wolf Getson. Appellant purchased the watch from Smitka to whom he paid the sum of $6. Getson, a witness called by the Commonwealth, testified that he believed he originally paid $5 for it. The Commonwealth also established that appellant furnished the Philadelphia Police Department with a complete and correct report of the transaction, and that it was properly recorded on appellant's books. The real question at issue at the trial was whether appellant purchased the watch knowing it to have been stolen.

We think that the attitude of the trial judge, as reflected by his remarks during the progress of the trial, requires the reversal of the judgment and the granting of a new trial.

After the conclusion of the Commonwealth's case, appellant was called as the first witness in his own behalf. The following appears on the cross-examination of appellant: "Q. You have been in business a long while, haven't you? A. Eleven years, sir. Q. And you have been in the pawnbroking business? A. Yes, sir. Mr. Lipschutz: Smitka, stand up. Q. Did you know that boy? A. Yes, sir. Q. How did you know him? A. Just from coming in at that time. Q. Did you know whether he owned a watch? A. I asked him that and he showed me a Social Security card. The Court: I do not understand counsel or the defendants in this case. If you want me to sit as a judge and jury and ask me to believe testimony like that you are making a big mistake. I am telling all of you that. Think of it, a boy like that walks into a pawnshop and a transaction takes place and you want me to believe the man did not know it was stolen?"

Subsequently, other witnesses were called for the defense.

As appellant agreed that he be tried by a judge without a jury, the finding of the judge is binding upon us

the same as the verdict of a jury, if supported by competent evidence, regardless of whether we would have independently made the same finding: *Com. v. Matteo*, 130 Pa. Superior Ct. 524, 197 A. 787; *Wilson v. Malenock*, 128 Pa. Superior Ct. 544, 551, 194 A. 508. Nevertheless, appellant, as a defendant in a criminal action, was entitled to the usual safeguards, and to have all the evidence considered by the trial judge before his guilt or innocence was determined. The presumption of innocence of the accused continued in his favor throughout the entire case (see *Com. v. Barrish*, 297 Pa. 160, 171, 146 A. 553), and whether it was overcome was to be determined by the trial judge after the introduction of all the evidence. The testimony of the last witness in a criminal case may be enough to raise a reasonable doubt as to a defendant's guilt. The trial judge clearly indicated in the midst of the trial that he had determined that appellant was guilty. The premature conclusion of the trial judge constitutes reversible error. It resulted in the disregard of the testimony of other witnesses for appellant. Before determining appellant's guilt, the trial judge was obliged to consider all the evidence, and, if, from any or from all the evidence taken together, a reasonable doubt of appellant's guilt was raised, there should have been an acquittal. See *Turner v. Commonwealth*, 86 Pa. 54, 74. The trial judge could not virtually pronounce appellant guilty after hearing only a part of the testimony. A defendant surrenders none of his substantive rights when he is tried by a judge without a jury under the Act of 1935, and the trial judge is required to give consideration to, and is bound by, the same legal principles as a jury.

Although the court below in its opinion refers to the age of Smitka, who sold the watch to appellant, as being 16 years and looking younger, the record contains no statement as to the age or appearance of Smitka.

Judgment is reversed, and a new trial granted.