Commonwealth *v.* Lawrence, Appellant.

Submitted June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*John H. Lewis, Jr.,* for appellant.

*Walter W. Cohen* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1968:
Order affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

On September 27, 1962, appellant was brought to trial upon indictments alleging forgery and other minor offenses. At arraignment, appellant pleaded guilty to the minor charges, but not guilty on all indictments alleging forgery.

Subsequently, during the presentation of the Commonwealth's case, the trial judge made the following statement to defense counsel.

"It seems clear to me that he has uttered all of these. I think if he pleads guilty to that it would be much better." Defense counsel then entered guilty pleas to all of the forgery indictments, and the court imposed sentence.

On or about November 22, 1967, appellant filed a petition for post-conviction relief, and, on February 19, 1968, an evidentiary hearing was held in the lower court.

At that hearing, the Commonwealth called as its witness, appellant's trial counsel, Mr. Brereton. He stated that he had no conversation with appellant between the time that the court advised him to enter a plea of guilty and counsel's reply that such a plea would be entered. He did state, however, that such a discussion did take place thereafter prior to the actual change of plea.

Mr. Brereton then identified certain records which showed that his office had agreed to enter into a stipulation to plead guilty to the minor charges in return for a promise by the prosecuting attorney to make a request for leniency. He did not recall whether the District Attorney had made such a recommendation, however, nor did he subsequently request that the District Attorney make such a plea. The record reflects no such request by the Commonwealth.

At the conclusion of the evidentiary hearing, the trial court dismissed the petition.

As noted above, during the presentation of the Commonwealth's case, the trial judge, who was hearing the matter without a jury, expressed a fixed and settled opinion as to defendant's guilt, and joined with it the further suggestion that appellant plead guilty.

This factual situation is very similar to that in *Commonwealth v. Richman*, 132 Pa. Superior Ct. 529, 1 A. 2d 578 (1938) where, in the midst of a trial without a jury, the trial judge clearly indicated that he had determined that defendant was guilty. We held that the premature decision of the trial judge constituted reversible error.

The Commonwealth seeks to distinguish the instant case by suggesting that in *Richman* the court made its pronouncement in the midst of the defendant's case, while here all of the evidence was already in. The distinction does not comport with the facts in this case. The statement made by the trial judge was uttered during, or, at the very best, at the conclusion of the Commonwealth's case. There is nothing in the record to suggest that the trial had been completed or that the defense was not planning to present its case. The statement of the lower court as to defendant's guilt was, therefore, premature, and constitutes sufficient cause for the granting of a new trial.

Further consideration might also be given to the granting of a new trial because it would appear that appellant pleaded guilty on several charges on the understanding that the district attorney would request leniency. Defense counsel made no attempt to enforce this agreement, nor did the district attorney honor it. Thus, appellant's plea of guilty was induced by a promise never fulfilled.

I would reverse and grant a new trial.