## Commonwealth *v.* Owens, Appellant.

Submitted June 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

284

*Harold Yaskin* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 18, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

James Owens, appellant, appeals from conviction for aggravated robbery, by a judge sitting without a jury, on April 11, 1969, in Philadelphia County. At the close of the defendant's evidence the Commonwealth requested a continuance in order to present rebuttal testimony. In refusing the motion, the judge stated that he was ready to decide the case without additional testimony. After permitting both sides to present closing arguments, he explained that he had already been persuaded of appellant's guilt before argument. Appellant contends that that was error and requests a new trial.

In his opinion, the judge stated: In a sense it was true that the Court had made up its mind before defendant's attorney presented argument. The Court does not believe, however, that this fact required a new trial,

for the Court's mind was not so finally made up that argument was an empty formality. The Court would have been surprised had the argument persuaded the Court that there was reasonable doubt regarding defendant's guilt; but the Court has been surprised before where an argument has pointed out features of a case that the Court overlooked or had inaccurately appraised. . . .

A judge sitting without a jury has the same responsibilities and duties as a jury with respect to impartiality. *Commonwealth v. McNair,* 208 Pa. Superior Ct. 369, 222 A. 2d 599 (1966). The fact finder must keep an open mind not only at the beginning of the trial but at every stage throughout. Furthermore, the Commonwealth has the continuing burden of proving guilt beyond a reasonable doubt. *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A. 2d 441 (1959). When the judge decided the case prior to hearing rebuttal testimony and closing argument he improperly shifted the presumption of innocence away from the accused. As this Court said in *Commonwealth v. Richman,* 132 Pa. Superior Ct. 529, 532, 1 A. 2d 578 (1938), "The premature conclusion of the trial judge constitutes reversible error".

I would reverse the order of the court below and grant a new trial.

CERCONE, J., joins this dissenting opinion.