Commonwealth *v.* Franks, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Peter B. Scuderi,* for appellant.

*James J. Wilson, Mark Sendrow,* and *Steven H. Gold-blatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

This is a direct appeal from a conviction in a trial before Judge Paul RIBNER, sitting without a jury, and a consequent sentence of 11½ to 24 months running concurrently for charges of burglary, larceny and receiving stolen goods.

On September 20, 1972, the residence of Ruth Sliwinski at 2297 Bryn Mawr Avenue was burglarized and one R.C.A. color T.V. set and a gray and white colored 2-tone black and white T.V. set together with a time or stop watch and some other jewelry were stolen from the residence. A silent burglar alarm alerted the police. The police came to the home and received information from the housekeeper as to the appearance of the T.V.s taken and within half an hour the police spotted a red Mercury convertible three blocks away from the site of the burglary going west on Wynnefield Avenue at a high rate of speed. The trunk of the automobile was open about a foot and a half and inside this trunk was a gray and white T.V. set. The police chased the car for approximately four blocks and upon reaching 52nd and

Lebanon Avenue, in conjunction with an emergency patrol wagon, stopped the vehicle. In the automobile were Alfonso Hubbard, Marvin Merritt and Leonard Franks, the appellant. The three were informed they were under investigation for burglary, the open trunk lid was pulled farther up and the two T.V.s answering the description given by the housekeeper were inside the trunk. The officers ordered the three men out of the car and while the officers were patting them down, at the foot of the three defendants was found the time or stop watch. The T.V. sets and the watch were taken back to the house and shown to Mrs. Sliwinski who identified them as her property. The officers were unable to determine which one of the three men dropped the watch.

The only issue raised by the appellant is the sufficiency of the evidence to sustain the conviction of burglary, larceny and receiving stolen goods. The possession of freshly stolen goods, together with the flight of the vehicle in which the goods were being carried and with the attempted concealment of the stolen watch were evidence sufficient to warrant and sustain a conviction of burglary, larceny and receiving stolen goods. See *Commonwealth v. Breslin,* 194 Pa Superior Ct. 83, 165 A.2d 415 (1960) ; *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972); *Commonwealth v. Thurman,* 167 Pa. Superior Ct. 642, 76 A.2d 483 (1950); *Commonwealth v. Turner,* 456 Pa. 116, 317 A.2d 298 (1974) and *Commonwealth v. Whitman,* 199 Pa. Superior Ct. 631, 186 A.2d 632 (1962). The possession of the freshly stolen goods within three blocks of the home that was burglarized and from which the articles were stolen and this possession being within less than an hour of the time of the burglary constitute adequate evidence of the burglary of the premises concerned.

The appellant complains that his co-defendant Hubbard who pled guilty and was called as a witness by the Commonwealth and who testified that he, Hubbard, and

appellant bought the T.V. sets from some unidentified stranger in a supermarket parking lot should operate to free appellant from the burglary and larceny charges. There was evidence that some persons had trampled the grass and weeds from the rear of the burglarized residence down a hill across railroad tracks and into the supermarket parking lot in question. There was no evidence other than Hubbard's statement that the three co-defendants had not been the ones who trampled the grass and the weeds from the residence to the parking lot. It would have required a high degree of credulity for the trial judge to have believed that Hubbard and Franks, the appellant, bought the T.V.s from this unknown stranger but also stole the watch from the burglarized home.[1] It was the province of the trial judge to accept or reject any or all of Hubbard's as well as any other testimony. The evidence as a whole makes it clear that the three men discovered in the automobile with the T.V.s and the watch jointly participated in the burglarizing of Mrs. Sliwinski's home and the convictions were proper.

Affirmed.

_____

1. The witnesses were sequestered and Hubbard never mentioned the time or stop watch in his testimony. From his failure to mention it, there is an inference that either Franks or Merritt stole the watch because apparently Hubbard was not aware that one of his buddies had lifted the watch during the burglary. The trial judge found expressly that Hubbard's story was incredible.

_____

CONCURRING OPINION BY JACOBS, J.:

In *Commonwealth v. Justice*, 230 Pa. Superior Ct. 537, 326 A.2d 564 (1974), we noted that the Act of March 31, 1860[1] specifically provides for the joining of counts of larceny and receiving stolen property in a single indictment. Where such an indictment is utilized, however, the

_____

1. Act of March 31, 1860, P.L. 427, §24; 19 P.S. §411 (1964).

counts merge if identical property is the subject of both offenses; and although a defendant may be found guilty of both offenses, he may only be sentenced on one. *Commonwealth v. Phillips*, 215 Pa. Superior Ct. 5, 257 A.2d 81 (1969).

This issue, however, was not raised before this Court and it is, therefore, waived.

---

DISSENTING OPINION BY PRICE, J.:

I respectfully dissent. In this appeal, the majority finds that the evidence was sufficient to sustain the convictions for burglary,[1] larceny[2] and receiving stolen goods.[3] After a review of the evidence, I also find the evidence sufficient to sustain the receiving stolen goods conviction, but would reverse the convictions for burglary and larceny.

The testimony may be summarized as follows: On September 20, 1972, at approximately 3:00 p.m., a residence at 2297 Bryn Mawr Avenue in Philadelphia, was burglarized. A silent alarm sounded upon the entry into the house. Ruth Sliwinski, the complainant and the owner of the residence, testified that two portable televisions, one a color television and the other a black and white television that was of a two-tone decor, along with certain pieces of jewelry, were taken.

Officer Anthony Neely testified that he learned of the ringing of the silent alarm by police radio and arrived at the burglarized residence within a few minutes. Officer Neely and his partner received a description of the stolen items, and within ten to fifteen minutes of their arrival proceeded to patrol the immediate area. Within three

---

1.  Act of June 24, 1939, P.L. 872, §901 (18 P.S. §4901).

2.  Act of June 24, 1939, P.L. 872, §807 (18 P.S. §4807).

3.  Act of June 24, 1939, P.L. 872, §817; Act of May 21, 1943, P.L. 306, §1 (18 P.S. §4817).

blocks of the burglarized premises, Officer Neely observed an automobile with its trunk open about eighteen inches revealing a gray and white portable television inside.

Officer Neely and his partner, with the assistance of an emergency patrol wagon, stopped the automobile. Upon examination of the interior of the trunk, they found the two televisions described by the complainant. The driver, Alfonso Hubbard, and the two other occupants of the automobile, Leonard Franks, the appellant, and Marvin Merritt, were lined up and patted down by the police officers. At this time, the officers found a watch, later identified as complainant's, by the feet of the men. The officers could not determine which of the men dropped the watch.

The driver, Alfonso Hubbard, called as a Commonwealth witness, testified that at 2:00 p.m. on the day in question, he had sent the appellant for a money order to a bank located in a shopping center. Mr. Hubbard further testified that Mr. Franks had returned with Marvin Merritt and told Mr. Hubbard that a man in the parking lot of the shopping center was selling television sets. The three men then went to the shopping center and purchased the television sets, and while driving home they were stopped by Officer Neely.

Appellant was convicted on September 6, 1973, following a non-jury trial, of burglary, larceny and receiving stolen goods. On April 25, 1974, he was sentenced on all counts to eleven and one-half to twenty-four months imprisonment, to run concurrently.

## I

Appellant contends that the evidence produced at trial was insufficient to support the conclusion of the factfinder that appellant was in possession of the property stolen from the complainant's residence. After a review of the evidence in a light most favorable to the Commonwealth, *Commonwealth v. Porter*, 229 Pa. Superior Ct.

314, 323 A.2d 128 (1974), I find appellant's contention without merit.

It is settled that the Commonwealth has the burden of proving the elements of the crime of receiving stolen goods: (a) that the goods are stolen; (b) that the defendant received such goods; and (c) that he received them knowing, or having reasonable cause to know, that they were stolen. *Commonwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Leo,* 188 Pa. Superior Ct. 36, 145 A.2d 925 (1958). See Act of June 24, 1939, P.L. 872, §817; Act of May 21, 1943, P.L. 306, §1 (18 P.S. §4817).[4]

There is no doubt that the goods in question were stolen. The recovered goods matched the descriptions proffered by the complainant immediately after they were stolen, and complainant identified the goods immediately after their recovery.

The evidence also shows that appellant was in possession of the stolen goods at the time of his apprehension. Absent actual physical possession, an individual can be said to be in possession of stolen goods only when it is proved that he exercised conscious control or dominion over those goods. *Commonwealth v. Davis, supra.* Here, the appellant was not driving the automobile carrying the stolen televisions, and it could not be established from which person the stolen watch fell when the police were frisking the suspects. However, appellant can be found to have been in constructive control of the goods by the exercise of the doctrine of joint possession.

---

4. 18 P.S. §4817 provides: "Whoever buys, has, or receives any goods, chattels, money or securities, or any other matter or thing, which shall have been stolen or feloniously taken, either in this Commonwealth or in any other state or country, knowing, or having reasonable cause to know the same to have been stolen or feloniously taken, is guilty of a felony, and on conviction, shall be imprisoned not exceeding five (5) years or fined not exceeding one thousand dollars ($1,000), or both." Act of June 24, 1939, P.L. 872, §817; Act of May 21, 1943, P.L. 306, §1.

The doctrine of joint possession may be applied when the "totality of the circumstances justify a finding that all of the occupants of the vehicle were acting in concert. . . ." *Commonwealth v. Shaffer*, 447 Pa. 91, 105, 288 A.2d 727, 735 (1972). Thus, in those instances where a common design can be shown between the participants, joint possession of the stolen articles may be inferred. See *Commonwealth v. Shaffer, supra; Commonwealth v. Breslin*, 194 Pa. Superior Ct. 83, 165 A.2d 415 (1960). *Cf. Commonwealth v. Whitman*, 199 Pa. Superior Ct. 631, 186 A.2d 632 (1962) (possession of burglary tools); *Commonwealth v. Thurman*, 167 Pa. Superior Ct. 642, 76 A.2d 483 (1950) (possession of burglary tools). See also 76 C.J.S. *Receiving Stolen Goods* §6 (1952).

In *Shaffer*, a case very similar to this appeal, a vehicle with four occupants was stopped by a police officer. While the driver was being questioned at the rear of the vehicle, the officer observed an object being thrown from a window of the vehicle which, when retrieved, was discovered to be a sock containing jewelry taken in a recent burglary. The court, in affirming the conviction for receiving stolen goods, noted that the totality of the circumstances indicated that occupants of the automobile "were acting in concert and the act of throwing the jewelry from the vehicle was certainly exercising a conscious dominion and control over the jewelry, in an obvious attempt to conceal the jewelry from the officers." 447 Pa. at 105, 288 A.2d at 735.

In this appeal, the factfinder was justified in finding from the totality of the circumstances that all of the occupants of the car were acting in concert, and the act of throwing away a wrist watch taken in the burglary constituted exercising a conscious dominion and control over the watch. In addition, the record indicates that all three occupants of the automobile participated in the actual purchase of the stolen items from the unknown seller.

Lastly, the record shows that appellant received the stolen goods knowingly. The knowledge that goods were stolen does not have to be actual knowledge if the circumstances are such as would lead the appellant to have reasonable cause to know the goods were stolen. *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. Shaffer, supra.* It is also necessary to show more than mere possession to establish the inference that appellant knew or had reason to know that the property he possessed was stolen. All circumstances surrounding the possession must be weighed in order to surmise if there is sufficient evidence to support the finding of guilt. *Commonwealth v. Henderson, supra; Commonwealth v. Shaffer, supra; Commonwealth v. Owens*, 441 Pa. 318, 271 A.2d 230 (1970). But see *Commonwealth v. Allen*, 227 Pa. Superior Ct. 157, 324 A.2d 437 (1974). In this appeal, the sale of the goods was not made openly inasmuch as the transaction took place in the rear parking lot of a shopping center. And the occupants of the automobile, upon frisking by the police, made an effort at the concealment of the wristwatch. In addition, the low prices paid for the stolen goods should have placed appellant on notice as to the status of the goods. *Commonwealth v. Cohan*, 177 Pa. Superior Ct. 532, 111 A.2d 182 (1955); *Commonwealth v. Sendrow*, 119 Pa. Superior Ct. 603, 181 A. 450 (1935).

I would, therefore, affirm the Judgment of Sentence for the charge of receiving stolen goods.

## II

Appellant also contends in this appeal that the Commonwealth's evidence did not prove appellant's guilt of burglary and larceny beyond a reasonable doubt, and that guilt was based only on conjecture and surmise. The majority finds sufficient evidence to sustain appellant's conviction for these crimes. I do not find sufficient evidence, and would reverse the convictions of burglary and larceny and discharge appellant on these charges.

It is axiomatic that in a criminal case, the guilt of the accused must be proved beyond a reasonable doubt. *Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971), and in determining the reasonable doubt, the guilt must be proved and not conjectured. *Commonwealth v. Wilson,* 225 Pa. Superior Ct. 513, 312 A.2d 430 (1973). In any event, any reasonable inferences of guilt must be based on facts and conditions proved, and not solely on suspicion or surmise. *Commonwealth v. McFadden,* 448 Pa. 146, 292 A.2d 358 (1972). It is also necessary that the evidence presented by the Commonwealth be inconsistent with the defendant's innocence in order to justify a conviction, and the accused is entitled to an acquittal if his guilt is not the only reasonable interpretation of which the facts are susceptible. *Commonwealth v. Troup,* 302 Pa. 246, 153 A. 337 (1931).

In the proper case, where the testimony of the Commonwealth develops inconsistent proofs, this alone may be sufficient to raise a reasonable doubt as to the guilt of the accused, and the presumption of innocence may prevail. *Commonwealth v. Bozzelli,* 188 Pa. Superior Ct. 41, 146 A.2d 74 (1958).[5] See 23 C.J.S. *Criminal Law*

---

5. In *Bozzelli,* the defendant was charged with involuntary manslaughter and operating a motor vehicle after suspension or revocation of operating privilege, following an automobile accident in which one person was killed. This court, in reversing the lower court, found the evidence produced by the Commonwealth to be so weak and inconclusive that no probability of fact could be drawn. Among other weaknesses found by the court in the Commonwealth's evidence, the court noted the "important fact" that when "[t]he police officers investigating this collision, upon interviewing the defendant as well as the other occupants in the car testified that when they inquired as to who drove the car, James Chiancone testified that the deceased drove and when they inquired of the defendant, he stated that he did not drive the car. In the Commonwealth's own testimony, therefore, we find testimony indicating that the defendant did not drive the car. Where such testimony develops inconsistent proofs, such is sufficient alone to raise a reasonable doubt as to the guilt of the accused and the

§909 (1961). I believe the instant appeal is just such a situation where the Commonwealth has developed inconsistent proofs, and this inconsistency alone is enough to raise reasonable doubts as to the guilt of the appellant.

Three witnesses testified at trial for the Commonwealth. Mrs. Sliwinski merely established that a burglary had taken place and certain goods had been stolen. Officer Neely testified that he had stopped an automobile containing appellant and two other men, and certain of the stolen goods were also located in and about the automobile.[6] The driver of the automobile, Mr. Hubbard, testified that he had sent the appellant to the bank for a money order and, upon returning a short time later, appellant informed Hubbard that someone was selling television sets in the parking lot near the bank. Mr. Hubbard further testified that they went to the lot where Mr. Hubbard purchased the television sets and placed them in the trunk of the automobile.[7]

---

presumption of innocence prevails." 188 Pa. Superior Ct. at 49, 146 A.2d at 78.

6. In light of the fact that the trial judge did not believe the testimony of Mr. Hubbard, see n. 7, *infra*, the Commonwealth contends that the evidence provided by Officer Neely is sufficient to establish that appellant was guilty of burglary and larceny of the goods taken from the complainant's residence. The Commonwealth's theory of guilt is based on the fact that appellant was in possession of recently stolen goods recovered within one-half hour and three blocks from the burglarized residence. However, I do not believe that these facts are sufficient to convict appellant of burglary and larceny in light of recent decisions of the Pennsylvania Supreme Court, and the fact that the type and volume of the goods stolen were such that they could be easily assimilated into trade channels. See *Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974); *Commonwealth v. McFarland*, 452 Pa. 435, 308 A.2d 592 (1973); *Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972); *Commonwealth v. Owens*, 441 Pa. 318, 271 A.2d 230 (1970).

7. The judge indicated that he did not believe Mr. Hubbard, and at the conclusion of the trial, noted: "I don't believe Hubbard,

The testimony by Mr. Hubbard, the Commonwealth's witness, indicates that although appellant may have been involved in the receiving of stolen goods, he was not a party to the burglary and larceny of complainant's residence.[8] At no time did the Commonwealth directly contradict the the evidence presented by Mr. Hubbard by either cross-examination or introduction of contradictory evidence. See, e.g., *Commonwealth v. Dancer,* 452 Pa. 221, 305 A.2d 364 (1973) (counsel may exercise right of cross-examination of own witness under certain conditions) (cases cited therein); *Commonwealth v. Panetta,* 387 Pa. 452, 128 A.2d 81 (1957) (MUSMANNO, J., dissenting opinion) (surprise pleaded as grounds for cross-examining own witness).[9] In effect, the Commonwealth,

---

I think Hubbard was tied in with both the defendants here. He decided to plead guilty and take probation and try to get these two men off the hook. I think there is enough in his testimony to warrant that conclusion." (NT 61)

8. Mr. Hubbard did not testify to the finding of the watch by the officers. However, even under the theory of guilty by possession of recently stolen goods, the evidence is not sufficient to convict appellant of the burglary and larceny of complainant's residence. See n. 6, *supra.*

9. It is the general rule that the party calling a witness is bound by his testimony. 10A P.L.E. *Criminal Law* §405 (1970); 23 C.J.S. *Criminal Law* §909 (1961). However, this rule has been liberally construed in modern practice. See, e.g., *Commonwealth v. Farrell,* 208 Pa. Superior Ct. 200, 222 A.2d 437 (1966) (self-exculpatory statement by defendant is subject to contradiction); *Commonwealth v. Staino,* 204 Pa. Superior Ct. 319, 204 A.2d 664 (1964) (party may contradict own witness' testimony by introducing independent evidence showing facts to be different from those testified to by the witness); *Commonwealth v. Lees,* 199 Pa. Superior Ct. 383, 185 A.2d 815 (1962) (defendant's confession offered into evidence by Commonwealth may be contradicted by other proof by Commonwealth); *Commonwealth v. Gurreri,* 197 Pa. Superior Ct. 329, 178 A.2d 808 (1962) (party may impeach own witness); *Commonwealth v. Nowalk,* 160 Pa. Superior Ct. 88, 50 A.2d 115 (1946) (cross-examination of a witness by the party calling him).

by its own evidence, showed that appellant may not have been the perpetrator of the charged crimes.[10] Thus, the evidence does not permit the proving of appellant's guilt beyond a reasonable doubt, and I would, therefore, reverse the convictions and discharge the appellant.

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.

------

In any event, the mere fact of calling a witness does not mean that the party thereby admits as true everything the witness may say, and the party is not estopped from proving the facts to be otherwise by other evidence. However, the prosecution is bound by statements of the accused introduced by it unless they are proved false. 23 C.J.S. *Criminal Law* §909 (1961). A party, by presenting a witness, impliedly represents that the witness is worthy of some credit, and a conviction cannot be had contrary to the material and uncontradicted portions of the witness' testimony.

10. The finder of fact has the right to believe or disbelieve the testimony presented, *Commonwealth v. Coleman*, 455 Pa. 508, 318 A.2d 716 (1974), and may or may not accept one party's version, even though uncontradicted. *Commonwealth v. Wilkes*, 414 Pa. 246, 199 A.2d 411 (1964); *Commonwealth v. Tyrrell*, 405 Pa. 210, 174 A.2d 852 (1961) (cases cited therein). However, in the instant appeal, the credibility of the witnesses is not at issue. Rather, this appeal involves the determination of whether there is sufficient evidence to overcome the presumption of innocence.