**STATE of Missouri, Plaintiff-Respondent,**

v.

**Edward STAPLES, Defendant-Appellant.**

**No. 34524.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 16, 1973.

James A. Tulley, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., for plaintiff-respondent.

KELLY, Judge.

Defendant (as Defendant-Appellant shall hereinafter be identified) was convicted by a jury of the offense of tampering with a motor vehicle without the permission of the owner (Section 560.175, V.A.M.S.), and the trial court having found that he had previously been convicted of a felony, Robbery First Degree by Means of a Dangerous and Deadly Weapon, sentenced, imprisoned and discharged therefrom upon compliance with said sentence, imposed a sentence of three years in the custody of the Missouri Department of Corrections. It is from this judgment that defendant takes this appeal.

The only issue on appeal is whether the trial court erred in denying defendant's motion for a directed verdict of not guilty and in denying defendant's motion for judgment of acquittal, or, in the alternative, for a new trial because there was insufficient legal evidence that the defendant tampered with the automobile of the complainant. We hold it did not err.

Viewing the evidence most favorable to the State (the Plaintiff-Respondent shall hereinafter be so identified), as we must, State v. Lee, Mo., 404 S.W.2d 740, 746(2), we conclude that the jury could have

found from the evidence introduced at trial that on the 3rd day of September, 1971, at approximately 8:05 p. m., Patrolman Myron Johnson, a member of the St. Louis Metropolitan Police Department attached to the 9th District, was directed by radio to the 3200 block of Thomas Avenue in the City of St. Louis, Missouri. As he drove the police car he was operating in an eastwardly direction on Thomas Avenue he observed a man, later identified as Homer Green, placing an automobile jack under the left rear side of the rear bumper of a 1968 Chevrolet Impala, white in color, and bearing an Illinois license plate. As Patrolman Johnson pulled up towards the white Chevrolet, Green picked up the jack and started walking east on Thomas away from the automobile. Patrolman Johnson shouted at Green to stop, but he commenced running instead, eastwardly to Webster Avenue where he turned south on Webster. Defendant then came out from underneath the dashboard of the Chevrolet, got out from the passenger's side, and ran through the alley between Thomas and Easton. Patrolman Johnson at this point got out of the police car, fired two warning shots but the defendant continued running. Patrolman Johnson took up pursuit through the alleyway and then north on Webster to a basement in a house directly to the north of the alley. At no time did the officer lose sight of the defendant until the defendant entered the basement, and he had closed the distance to eight feet at that time. Defendant was described as wearing a black T-shirt or sweat shirt, a pair of dark trousers, either black or blue, he had a cast on his arm with a metal extension supporting one of his fingers and a little goatee. Patrolman Johnson was then joined by another police officer, Detective Corona, and they entered the basement where they took the defendant into custody. At the time of his arrest the defendant was lying parallel to the floor behind some boards and trash trying to conceal himself. The defendant was frisked at the scene but no evidence of the crime was discovered either on his person or in the basement where he was arrested.

Examination of the motor vehicle at the scene immediately after the defendant was taken into custody revealed that the right front vent window had been forced, the ignition had been "punched", the trunk lock had been punched out, the lug bolts which held the two rear wheels had been removed and part of the screws holding a radio bracket under the dashboard had been removed.

Mr. Luke, the owner of the auto, testified that he lived in Pekin, Illinois, and at about 6:00 a. m. on September 3, 1971, he had parked his car at a parking meter in the vicinity of 625 Euclid Avenue while he went to Barnes Hospital where his wife was to undergo surgery that morning. After locking the car he deposited some money in the parking meter and entered the hospital. During the day he continued feeding the meter and when he left the hospital at about 9:30 p. m. that evening he discovered that his car was missing. The last time he had seen his car at the place where he had parked it was at 7:00 p. m. and he had given no one permission to drive it or move it. The last time he saw the car it was undamaged. He reported the car missing to the police and was advised that it had been recovered and was at the 9th District Police Station. He went there and saw his car. The rear wing on the front door was off the hinge and the hinge was broken; a two-way radio was missing and the brackets under the dashboard of the vehicle which held the radio had some of the screws removed. Some jumper cables were missing from the trunk, a package of cigarettes was missing and the glove compartment had been broken into. Mr. Luke did not know either the defendant or Homer Green. At all times that date Mr. Luke had the keys to his car on his person.

Defendant relies on State v. Castaldi, Mo., 386 S.W.2d 392, which held that the mere presence of one at the scene of

the crime is insufficient to sustain a finding of guilt of a charge of Tampering with a Motor Vehicle without the Consent of the Owner. We have no quarrel with the principle enunciated in that case. However, presence at the scene of the crime taken together with other evidence will justify a jury in finding the defendant guilty of the crime charged, if the evidence shows any form of affirmative participation in a crime. State v. Reed, Mo., 453 S.W.2d 946, 948(3).

The defendant stood on his motions filed at the close of all the evidence and we hold that the facts which the jury found support the conviction they voted.

We have, as we are required to do by Rule 28.02, V.A.M.R., examined the indictment, verdict, judgment and sentence and find them to be in proper order although they were never challenged by the defendant or brought into issue on the appeal.

We affirm.

SMITH and SIMEONE, JJ., concur.