STATE of Missouri, Respondent,

v.

Willie LEE, Jr., Appellant.

No. 57260.

Supreme Court of Missouri, Division No. 1.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Lewis E. Pierce, Pierce, Duncan & Russell, Kansas City, for appellant.

BARDGETT, Presiding Judge.

Defendant-appellant, Willie Lee, Jr., appeals from a judgment of conviction of tampering with a motor vehicle, a felony, §§ 560.175(1) and 560.180(1), RSMo 1969, V.A.M.S., upon which he was sentenced to three years imprisonment. The notice of appeal was filed prior to January 1, 1972. This court has jurisdiction. Mo.Const., Art. V, Sec. 31 (1945) as amended, V.A.M.S.

The sufficiency of the evidence is not questioned. The following statement of facts is taken from appellant's brief as it has been accepted by the respondent as correct.

James Andrew Jackson testified that he was a resident of Kansas City and worked at Montgomery Ward at St. John & Belmont; that he owned a 1965 four-door, hard-top, Cadillac sedan; on the 26th of January he drove the car to work and parked it in the parking lot near his office at about 8:45 a.m.; that at 4:15 p.m. when he went to the parking lot for his car, he found it missing and he reported the fact to the police department; several days later he went to the police station on Front Street where he observed his car; the right front tire and wheel were missing; he did not give anyone permission to take his car or to remove the tire and wheel.

Officer Harold Hockmeirer testified that he was patrolling in the neighborhood of 45th and Prospect and that about 2:15 in the morning, as he was westbound on 45th, he observed two males tampering with a vehicle parked on the south side of 45th Street between Prospect and Wabash. The right side of the car was jacked up and the two parties were removing a tire from the right side of the vehicle. As he drew closer he shined his light on the two parties; he observed their faces when he was about 25 to 35 feet distant. They started backing toward 45th & Wabash and then started running; he hollered for them to stop, that he was a policeman; but they continued running southbound and went eastbound toward Prospect between two houses. One of them had a cast on his right arm and was wearing dark clothing; the other party he did not recognize. One man was approximately six feet tall and weighed 145 pounds and the other was about five feet six inches tall and weighed approximately 140 pounds. He notified the other policeman in his area, Officer Hayworth, that he had two car prowlers under suspicion and notified him of the route they had taken. Shortly thereafter

one of the men, the defendant Lee, was arrested. Officer Hockmeirer took Lee to police headquarters. The defendant was hiding behind a garage lying next to a wire fence when he was apprehended. Hockmeirer had an opportunity to observe the defendant approximately four days prior to this event. This was in the 4500 block on Wabash Avenue; he came face to face with the defendant and talked with him, and at that time defendant had a cast on his arm.

Officer Hayworth testified that he received a call from Officer Hockmeirer and proceeded to the vicinity described by his fellow officer. He saw a person with a cast on his hand trying to climb a fence. He told the man to stop; put his floodlight on him, and about that time Officer Hockmeirer came upon the scene and they arrested the defendant Willie Lee, Jr. Officer Hayworth towed the Cadillac automobile to the police parking lot at 1st & Lydia.

■ Appellant's first point is that the court erred in giving Instruction No. 3 in that it failed to submit of the essential element of the crime charged—that appellant, *with criminal intent,* tampered with the motor vehicle.

The instruction required a finding by the jury that defendant acted knowingly with another person with common intent to commit the offense of tampering with a motor vehicle; that, while they were so acting, one of them tampered with a certain motor vehicle owned by James Jackson (describing the vehicle), by removing the right front tire and wheel, and tampered with such motor vehicle without the permission of James Jackson; and that he did not tamper with such vehicle in good faith in the honest belief that he had the permission of the owner.

Appellant contends that the instruction did not require a finding of criminal intent, because the instruction did not utilize the words "unlawfully, willfully and feloniously" with reference to intent.

The instruction specifically required the finding that defendant acted knowingly with another person with common intent to commit the offense of tampering with a motor vehicle, and that, while so acting, one of them did tamper with a designated specific vehicle. It was not necessary to use the words "unlawfully, willfully and feloniously" in order to submit the required element of criminal intent if that element is submitted by the use of other words, as was done here.

Defendant argues that the finding that defendant acted knowingly with another with common intent to commit the offense of tampering with *a* motor vehicle is not sufficient, but that such a finding is too general and too vague. The instruction required the jury to find the presence of the criminal intent while they were tampering with a specific motor vehicle which was described in the instruction. The contention is without merit.

Defendant argues that even though appellant and another person removed the tire and wheel from the car in question, yet appellant might not be guilty as he may have honestly believed that the car belonged to his companion, or even if he knew his companion was not the owner, and that he was breaking the law, appellant may have been under the domination of the companion to a degree that he would not be legally responsible for helping him tamper with the car.

■ The answer to the first part of this contention is that Instruction No. 3 required the jury to find that defendant did not tamper with the vehicle in good faith in the honest belief that he had the permission of the owner. The answer to the second part of this contention is that there was no evidence of any such domination. The court did not err in giving Instruction No. 3. Point One is overruled.

Appellant's Point Two is that the court erred in giving Instruction No. 6 because it assumes that appellant's flight from the

scene was proof of an intent to avoid an arrest.

■ Appellant asserted several assignments of error in his motion for new trial as to Instruction No. 6; however, there is no allegation in appellant's motion for new trial wherein he complains that Instruction No. 6 *assumed* that appellant's flight from the scene was for the purpose of avoiding arrest. The point is not preserved for review. Rule 27.20, V.A.M.R. State v. Brown, 332 S.W.2d 904, 909[4] (Mo.1960). The court has considered whether this assignment of error constitutes plain error affecting substantial rights and holds that it does not do so. Point Two is overruled.

The judgment is affirmed.

All of the Judges concur.