STATE of Missouri, Plaintiff-Respondent,

v.

Willie J. TATE, Defendant-Appellant.

No. 35442.

Missouri Court of Appeals,
St. Louis District,
Division 2.

May 7, 1974.

John H. Marshall, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals a conviction by jury for feloniously tampering with a motor vehicle without the owner's consent under § 560.175(1) R.S.Mo.1969, V.A.M.S. He was sentenced to five years imprisonment.

The sole issue raised by defendant is that the evidence was insufficient to support a conviction of a felony under § 560.-175(1); that defendant's offense was only a misdemeanor under § 560.175(2). We affirm.

The facts of this case attest to the truth of the adage: "If you must steal a car, don't try to take a policeman's, particularly when it is parked in a police station parking lot."

On the evening of October 1, 1972, St. Louis police officers in the Deer Street station noticed defendant on the police station parking lot entering an automobile owned by one of the police officers. Several police officers approached the car and observed defendant lying on the seat with his hands toward the ignition moving in a back and forth motion. A companion was with the defendant in the car. Defendant was immediately apprehended and admitted using a pick found in his possession to jumble the ignition lock tumblers for the purpose of trying to start the car in an effort to steal it. The ignition had been scratched and damaged and the key to it would no longer work or start the car.

The statute involved is § 560.175, with the two pertinent subsections to this case providing:

"1. No person shall drive, operate, use or tamper with a motor vehicle or trailer without the permission of the owner thereof.

"2. No person shall, without the permission of the owner or person in charge thereof, climb upon or into, or swing upon any motor vehicle or trailer, whether the same is in motion or at rest, or sound the horn or other sound-producing device thereon, or attempt to manipulate any of the levers, starting device, brakes, or machinery thereof, or set the machinery in motion, or hold to such vehicle while riding a bicycle or other vehicle."

Section 560.180 R.S.Mo.1969, V.A.M.S. provides that violation of subsection 1 of the foregoing statute is a felony while violation of subsection 2 is a misdemeanor. Defendant was charged with tampering under subsection 1, but defendant asserts that the evidence was only sufficient to show a misdemeanor under subsection 2 for manipulating the starting device.

We hold that inserting a pick in the ignition system of the automobile for the purpose of jumbling the lock tumblers, thereby rendering the ignition system inoperable by key as intended, is feloniously tampering. State v. Ridinger, 364 Mo. 684, 266 S.W.2d 626 (1954) involved the removal of a tire and wheel from a motor vehicle with the subsequent charge under § 560.175(1) for felonious tampering. An argument similar to that raised by defendant here was presented, and the court determined that whether the act charged would be "tampering" was a judicial question. In upholding a felonious tampering conviction, the court said, l.c. 631:

"To take from a motor vehicle a wheel and tire renders it just as immobile and

just as incapable of being operated, and just as effectively destroys the function for which it was manufactured and purchased, and for which it was owned, *as would tampering with it by rendering useless its ignition system* or its carburetor or destroying its battery or motor." (Emphasis added.)

We believe the foregoing emphasized language of the Ridinger case to be apt here, as the auto's ignition system was rendered useless by the defendant. But in addition to Ridinger, felonious tampering has been treated by equating "tampering" with the "drive", "operate" and "use" language of § 560.175(1). Thus, a defendant caught driving, using or operating a motor vehicle without the owner's consent has been so charged along with tampering with a motor vehicle. State v. Humphrey, 462 S.W. 2d 804 (Mo.1971); State v. Townsend, 327 S.W.2d 886 (Mo.1959); State v. Edmonson, 309 S.W.2d 616 (Mo.1958). In State v. Hale, 463 S.W.2d 869 (Mo.1971), it was held that to attach a cable to a car for the purpose of towing it away was tampering, with the court noting that if taking parts was tampering, certainly so would its being towed away where prevented only by the arrival of police officers.

Most felony tampering cases involve the theft or attempted theft of automobile parts.[1] In addition to State v. Ridinger, *supra*, the thread running through the felony tampering cases of § 560.175(1) is the intent to steal, either the vehicle or parts, as opposed to subsection 2 offenses where trespass, as opposed to theft, seems to be the critical element. State v. Hale, *supra*, 463 S.W.2d at 872.

Here, it is clear that in addition to rendering the ignition useless, which under State v. Ridinger is sufficient to warrant a finding of felonious tampering, defendant manifested an intent to steal the car. Either circumstance affords sufficient basis for finding defendant guilty of felonious tampering under § 560.175(1).

The judgment is affirmed.

SMITH, P. J. and McMILLIAN, J., concur.

---

1. See State v. Lee, 498 S.W.2d 780 (Mo.1973) (tire and wheel); State v. Heather, 498 S.W. 2d 300 (Mo.App.1973) (distributor cap, rotor, coil wheel); State v. Staples, 490 S.W.2d 293 (Mo.App.1973) (radio, jumper cables, wheels partially removed); State v. Bates, 439 S.W.2d 161 (Mo.1969) (front fenders and front bumper); State v. McLarty, 414 S.W. 2d 315 (Mo.1967) (automobile air conditioner); State v. Slay, 406 S.W.2d 575 (Mo. 1966) (front bumper and hood); State v. Wood, 266 S.W.2d 632 (Mo.1954) (gasoline and license plate).