STATE of Missouri, Plaintiff-Respondent,

v.

Asa MINOR, Defendant-Appellant.

No. 35440.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 9, 1975.

Forriss D. Elliott, Richard A. Fredman, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

By a jury verdict, defendant Asa Minor was found guilty of tampering with a motor vehicle, § 560.175, RSMo. 1969, and was sentenced by the court to three years in the custody of the Missouri Department of Corrections.

■ Defendant's first point on appeal is that the verdict was against the weight of the evidence. This contention is without merit. An appellate court does not weigh the evidence. This is a matter that must be addressed to the trial court who hears the witnesses and is in a position to judge their credibility. *State v. Talbert*, 454 S.W.2d 1, 4[6] (Mo.1970); *State v. Tschirner*, 504 S.W.2d 302, 308[17, 18] (Mo.App.1973).

Defendant next contends error was committed by the court in overruling defendant's motion for a judgment of acquittal. Since this attacks the sufficiency of the evidence to support defendant's conviction, we briefly review the evidence which was favorable to that conviction.

Two police officers observed defendant loading an automobile seat into a panel truck parked in an alley at 5976 Lalite Avenue in the City of St. Louis. One officer approached the defendant and when he was approximately thirty feet away, defendant looked up and ran. The officer followed in pursuit and caught defendant in the front yard of the premises after a short chase. He only lost sight of the defendant for a second or two when defendant went around the garage. From there, the officer was right behind him all the way to the time he tackled him on the front lawn. Defendant was placed under arrest and brought back to the alley. The officer and his companion officer then obtained permission from the owner of the premises to search the garage and inside found a Ford automobile which had been reported stolen by the owner, Brenda Dunn, three days before. The automobile was being stripped, with parts lying about the garage and a seat and several other parts in the panel truck. Without objection, the officer testified that the parts in the truck were identified by Brenda Dunn as parts from her vehicle. Clothing worn by the defendant that night, including some gloves, was identified and introduced into the evidence.

■ It is true, as defendant contends, that mere presence at the scene of the crime and flight from the scene are not sufficient in themselves as a basis for a judgment of conviction. *State v. Castaldi*, 386 S.W.2d 392, 395 (Mo.1965). But presence at the scene of the crime, taken together with other evidence of active participation, will justify a jury in finding a defendant guilty of the crime charged. *State v. Staples*, 490 S.W.2d 293, 294[2] (Mo.App. 1973). Here, defendant was seen placing a seat identified as being from the stolen car in a van truck next to the garage where the stolen car was being stripped. When defendant saw the approaching officer, he fled and was quickly apprehended. A car seat was missing from the automobile in the garage. These evidentiary facts prove an affirmative participation by defendant in the crime. The contention that the court erred in overruling the motion for a judgment of acquittal is not sustained by the record.

■ Defendant's third contention of error is directed to the failure of the court to give an instruction on circumstantial evidence. When we review the record to determine what occurred at the time the court conferred with the attorneys concerning the instructions to be given at the close of the

evidence, we find that the court advised counsel that he intended to instruct the jury with certain instructions which did not include one on circumstantial evidence. The court then asked the state whether there were any other instructions which they wished to have the court give. The state requested an instruction with regard to flight of the defendant from the scene of the crime. This was refused by the court. The court then asked counsel for the defendant whether he had any other instructions which he wished the court to give. Counsel's answer was negative. The failure of a trial court to give an instruction on circumstantial evidence is not error where there is no request for such an instruction by the defendant. *State v. Davis*, 491 S.W.2d 549, 552[6] (Mo.1973). Since no request was made, no error could be committed in failing to give the instruction.

The judgment of conviction and sentence is affirmed.

DOWD and RENDLEN, JJ., concur.