STATE of Missouri, Plaintiff-Respondent,

v.

George L. MERRITT,
Defendant-Appellant.

No. 36968.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 27, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

Application to Transfer Denied
Nov. 8, 1976.

Robert A. Hampe, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Sheila Hyatt, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals his conviction of tampering with a motor vehicle without permission of the owner. § 560.175 RSMo 1969. The jury assessed his punishment at 1 year imprisonment in addition to a fine of $100. The defendant was sentenced in accordance with the jury's assessment of punishment. We affirm.

Defendant's first contention on appeal is that the trial court erred in admitting as evidence the owner's testimony concerning the vehicle identification number of the automobile. It is defendant's position that the certificate of title was the best evidence to prove ownership of the automobile. This issue has been settled by several previous decisions, with which we agree.

The ownership of an automobile "may be proved by sufficient competent parol evidence and it is not necessary to introduce the certificate of title in evidence in order to prove ownership under § 560.175. . . The best evidence rule has no application where, as here, the contents of the writing are not in issue and parol testimony is not offered to establish the terms of the writing but to establish a fact which exists independently of the writing." *State v. Curry,* 473 S.W.2d 747, 748 (Mo.1971) (and cases cited therein). We reject defendant's first contention.

■ The next issue raised by defendant is that the trial court erred in permitting a police detective to testify as to the computer print-out of the vehicle's identification number. It is defendant's position that the testimony was hearsay. The vehicle identification number had already been established by competent testimony; this testimony now objected to was merely cumulative and therefore not prejudicial. *State v. Williams,* 448 S.W.2d 865, 869 (Mo.1970).

■ Defendant's third assertion is that the trial court erred in admitting photographs of automobile parts and tools found in the garage. Defendant made no objection to this evidence at trial. Hence, this point is not preserved for review. *State v. Thomas,* 438 S.W.2d 174, 176 (Mo.1969). In any event, we do not find this evidence so prejudicial to defendant as to amount to plain error necessitating reversal despite failure to object. Rule 27.20(c).

■■ The next point raised on appeal is that the trial court erred in overruling defendant's motion for judgment of acquittal. Defendant argues that the evidence was insufficient to support the conviction. In testing the sufficiency of the evidence to support a conviction, the facts and evidence and favorable inferences reasonably drawn therefrom must be considered in the light most favorable to the State, and all evidence and inferences to the contrary must be disregarded. *State v. Thompkins,* 515 S.W.2d 808, 812 (Mo.App.1975). A brief review of the evidence favorable to the State reveals the following: Two St. Louis police officers observed the defendant and a companion working on an automobile engine in a vacant building's adjoining garage. The defendant had a wrench in his hand. The officers approached the garage and identified themselves. Defendant and his companion stealthily fled. The officers pursued them and apprehended them. At the time, defendant's hands and clothing were covered with dark stains.

The numbers from the recovered automobile transmission were entered into the police computer. In return, the computer supplied the number and make of a recently stolen auto.

■■ Defendant relies principally upon *State v. Castaldi,* 386 S.W.2d 392 (Mo.1965), which held that flight from, and mere presence at, the scene of the crime, without other evidence showing defendant affirmatively participated in the crime, are insufficient to support a judgment of conviction. However, fight is a circumstance to be considered in connection with the other evidence of the commission of a crime. *Castaldi, supra,* 395. And presence at the scene of the crime, considered with other evidence of affirmative participation, will support a conviction. *State v. Staples,* 490 S.W.2d 293, 294 (Mo.App.1973). Additionally, "most felony tampering cases involve the theft or attempted theft of automobile parts." *State v. Tate,* 509 S.W.2d 800, 802 (Mo.App.1974). In the instant case, defendant was seen actively working on the engine from the stolen auto. He was observed again with a wrench in his hand. Additional tools were recovered from the scene. Further, defendant furtively fled when the police approached the scene. The owner testified that he did not give permission to defendant to remove any parts from his automobile. These facts indicate that defendant affirmatively participated in the crime as charged and convicted. See *State v. Minor,* 531 S.W.2d 101, 102 (Mo.App. 1975). Defendant's contention that the court erred in overruling his motion for judgment of acquittal is contradicted by the

 

record. We therefore rule this point against defendant.

 Finally, defendant raises two points contending that the trial court erred in excluding his witnesses for failure to comply with Supreme Court Rule 25.34(A)(5) which pertains to the defense of alibi. There was no objection made to the court's ruling of excluding witnesses. Defendant now attempts to attack Rules 25.34(A)(5) and 25.45[1] by invoking the Fourteenth Amendment. The question of the constitutionality of these rules was not raised during trial. Instead, it first appears in the motion for a new trial. Defendant allowed his "first available opportunity" to question the constitutionality of the notice-of-alibi rule and the exclusion sanction of Rule 25.-45 to pass him by. Hence, there is no constitutional issue preserved. *Kansas City v. Howe,* 416 S.W.2d 683, 687 (Mo.App. 1967). "To preserve constitutional issues for review they must be raised at the first opportunity consistent with orderly procedure; the trial court should be advised as to the specific article and section of that constitution claimed to have been violated, and, if possible, the point must be presented in the motion for new trial, if any." *State v. Goforth,* 535 S.W.2d 464, 468 (Mo.App.1976). Defendant failed to raise this claim when given the opportunity in the trial court. Therefore, there is no constitutional issue before us for review.

Accordingly, the judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.

---

1. In Missouri, procedures for criminal discovery in felony cases are found in Rules 25.30 through 25.45. These rules provide for *mutual* and *reciprocal* pre-trial disclosure between parties. However, "if . . . a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may . . . exclude such evidence . ." Rule 25.45. For a discussion of the Rules, see Simone, The New Rules of Criminal Discovery in Missouri, 31 J. of Mo. Bar 16 (1975).