**STATE of Missouri, Respondent,**

v.

**Nathaniel JOHNSON, Appellant.**

No. 40835.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1979.

Robert Babione, Public Defender, Nick A. Zotos, Asst. Public Defender, St. Louis, for appellant.

George Peach, Circuit Atty., St. Louis, John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

A jury in the Circuit Court of the City of St. Louis convicted the appellant, Nathaniel Johnson, of tampering with a motor vehicle without the permission of the owner (§ 560.175 RSMo 1969) and he was sentenced by the court under the Second Offender act, (§ 556.280) to a term of five years in prison. Johnson appeals.

At the close of the State's case, the appellant filed a motion for acquittal which was denied. His only point on appeal is that the State's evidence was insufficient to support a finding of guilt and accordingly the court erred in not sustaining his motion. Appellant offered no evidence in his defense.

■ When considering a claim of insufficient evidence, this court considers only the evidence favorable to the verdict and any favorable inferences which may be drawn therefrom and evidence to the contrary is rejected. *State v. Guelker,* 548 S.W.2d 521, 525 (Mo. banc 1977), cert. denied 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260.

The evidence in the present case is as follows. On December 30, 1977, at approximately 9:45 p.m., Willie Crymes went out of his house to warm up his car in order to drive his wife to work. After starting the car, he took the keys out of the ignition and went back into his house, leaving the engine running. Two or three minutes later he went back outside and discovered his car missing.

He immediately reported the theft to the police. Another car was apparently parked in front of Crymes' house which had not been there previously. The police, upon running a license check on this vehicle, discovered that the car was registered to the appellant, Nathaniel Johnson. This information was transmitted on the police radio.

Meanwhile, the police received a report of two men tampering with an automobile in the fifty-nine hundred block of Harney Street in St. Louis. Officer Michael Layton was assigned to investigate. At 5959 Har-

ney, Officer Layton observed a 1971 Buick LeSabre matching the description of the car just reported stolen. The trunk and hood lids were open and the two rear tires and wheels were missing. When he approached the car he saw two men reaching under the car's hood on the passenger side. One man looked around the side of the hood and ducked back behind it. The other man looked over the top of the hood at the police car and then both men began to run from the car. The first man ran across the street alongside a house at 5958 Harney. The second man, later identified as appellant, ran up the hill in front of 5959 Harney. Appellant then slowed to a walk when Officer Layton got out of his car to pursue him. When apprehended he gave his name as Nathaniel Johnson. Officer Layton never lost sight of appellant Johnson before arresting him.

The first man was arrested at his home at 5958 Harney. One tire and wheel were found under the front porch of that residence. Two other tires and wheels as well as a jack were found in the back yard.

Officer Layton went back to the car and inspected the area under the hood where the two men had been "reaching". He discovered that the car's battery was located in that area. One of the bolts on the battery had been loosened.

Appellant contends that the evidence was insufficient to support a conviction of tampering with Mr. Crymes' automobile arguing there is no direct evidence that he physically tampered with the car. Neither, he claims, is there evidence to connect him with the first suspect at whose home the tires were found.

The appellant primarily relies upon the case of *State v. Castaldi,* 386 S.W.2d 392, 395 (Mo.1965) in which a conviction for tampering was reversed for insufficient evidence. In that case, the defendant had been seen standing at the scene while a car was being cut up with an acetylene torch. He left the scene with one of the men doing the cutting after having been challenged by police. In *Castaldi,* the Missouri Supreme Court held that mere presence at the scene of the crime, opportunity to commit the crime, and the appearance of flight, in themselves, were not sufficient to support the conviction.

■ While this is true, it is also true that "presence at the scene of a crime, considered with other evidence of affirmative participation, will support a conviction." *State v. Merritt,* 542 S.W.2d 14, 16 (Mo.App. 1976). Provided there is evidence of affirmative participation, the trier of facts may consider presence at and flight from the scene of the crime as evidence which implies guilt. *State v. Simmons,* 494 S.W.2d 302, 305 (Mo.1973).

An example of presence at and flight from the scene coupled with evidence of affirmative participation in the crime can be seen in *State v. Staples,* 490 S.W.2d 293 (Mo.App.1973) in which a conviction for tampering with a motor vehicle was affirmed. In that case, when police approached the car, the defendant came out from underneath the dashboard, got out on the passenger side and ran away. The police captured the defendant without ever losing sight of him. A two-way radio was missing from the area where the defendant had been in the car and screws were missing from the bracket which had held the radio.

The present case is analogous to *Staples.* When Officer Layton arrived at the scene, Mr. Crymes' car was apparently being stripped down. Layton saw the appellant and another man reaching under the front hood. When the appellant saw the police car, he began to run. Although he slowed to a walk when Layton got out of the police car, he continued to walk from the scene. An inspection of the area appellant had been reaching showed the loosened battery bolts.

■ All of this evidence together, consistently supports the State's theory that appellant tampered with Mr. Crymes' car. Appellant's act of reaching under the hood around the loosened bolts indicates his affirmative participation in the crime. Taken with his presence at and flight from the

**818**

scene, we find ample evidence to support the jury's guilty verdict.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.