**STATE of Missouri, Respondent,**

v.

**Leon WATKINS, Appellant.**

**No. 41566.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 1980.

William J. Shaw, Public Defender, Thea A. Sherry, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals from a judgment imposed after a jury verdict of guilty of tampering with a motor vehicle without the consent of the owner, § 560.175, RSMo 1969 and § 560.180, RSMo 1969. Pursuant to the Second Offender Act, defendant was sentenced by the court to a term of four years in the Department of Corrections.

The sole issue brought on appeal is whether the trial court erred in overruling defendant's motion for judgment of acquittal. Defendant contends that the evidence is insufficient to sustain a conviction of tampering with an automobile without the owner's consent. We affirm.

The facts relevant to a determination of the issue are these: On April 28, 1977, at 2:30 a. m., Officer Swan apparently received information which prompted him to proceed to an automobile dealer's lot within his jurisdiction. As the officer approached the lot, he observed two males standing beside the driver–side door of a green 4–door 1975 Lincoln. The defendant was wearing a flowered shirt and white trousers and his companion was wearing dark clothes. The officer also observed that one of the males, later identified as the defendant, had a shining metal object in his possession while beside the driver–side door.

As the officer approached the lot in his patrol car, and prior to the car coming to a complete stop, the two males fled from the Lincoln by which they were standing.

The two males ran behind the auto dealer's building. As they rounded the corner of the building, the officer lost sight of them for two to three seconds. During the short period when the fleeing individuals were out of the officer's view, the officer testified he heard a noise that "sounded like the dropping of metal or something dropped on a hard surface, like asphalt or concrete, and this is asphalt."

As the officer rounded the corner of the building, he saw two males, both with the same attire as when he first observed them beside the Lincoln. The male later identified as the defendant was facing the wall of the building, crouched in a kneeling position. The defendant was then arrested.

After an assisting officer escorted the defendant to the police station, Officer Swan perused the area where defendant was arrested. The officer found an object, later identified by him as the object that defendant had in his possession when beside the Lincoln, approximately ten feet from where the defendant was arrested. The object was identified at trial as a dent puller which, according to the officer, is an instrument commonly utilized in the theft of automobiles.

Later investigation of the Lincoln next to which defendant was standing, revealed damage to a strip of chrome that ran alongside the driver–door side window. A salesman employed by the automobile dealership testified to the effect that it was his duty on April 27, 1977, 9:00 p. m., to secure the

auto lot. This included locking the vehicles on the lot. The salesman stated, with respect to the tampered vehicle, that he had locked it and noticed no damage to the automobile at 9:00 p. m. He was in a position to notice damage to the driver door, for he had to open this door in order to obtain the keys to lock the automobile.

We believe these facts, taken in the light most favorable to the state, are sufficient to make a submissible case against defendant of tampering with a motor vehicle without the consent of its owner. *See State v. Johnson*, 586 S.W.2d 816 (Mo.App.1979).

Defendant relies heavily upon *State v. Castaldi*, 386 S.W.2d 392 (Mo.1965), in which the Supreme Court reaffirmed the rule that mere presence at the scene of a crime, without evidence of affirmative participation, does not make one a participant in the crime. *Id.* at 395.

In the case at bar, however, defendant was actually seen next to the damaged chrome on the auto, in possession of the dent puller which he attempted to dispose of during pursuit. The defendant in *Castaldi* was never seen in possession of any instrument related to the crime.

Where there is evidence of affirmative participation, presence at and flight from the scene of a crime may be considered as evidence of guilt. *State v. Johnson*, 586 S.W.2d at 817. The defendant here took flight immediately upon seeing the police car, while Castaldi casually left the scene minutes *after* the deputy had left, and had a reasonable explanation for this "flight" consistent with the hypothesis of his innocence.

In short, the case at bar does not suffer the same lack of evidence of affirmative participation as characterizes the *Castaldi* case.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.