321 P.2d 1021

**The STATE of Arizona, Appellee,**

v.

**Joe ANDRADE and Steve B. Chavez, Appellants.**

**No. 1105.**

Supreme Court of Arizona.

Feb. 19, 1958.

Robert Morrison, Atty. Gen., Raul H. Castro, County Atty. of Pima County, H. E. Rogge, Jr., Deputy County Atty., Tucson, for appellee.

Stanley B. Feldman, Tucson, for appellant Andrade.

William C. Scott, Tucson, for appellant Chavez.

PHELPS, Justice.

■ Joe Andrade and Steve B. Chavez appeal from a conviction of first degree burglary primarily on the ground that the prosecution presented insufficient evidence to warrant submission of their guilt to the jury. If this be so, the trial court should have granted the motions for directed verdicts of acquittal which they made at the close of the prosecution's case and again at the close of all the evidence.

The prosecution established the following: Someone burglarized the C. E. Paulin residence in the eastern section of Tucson between 2:00 p. m. and 10:15 p. m. on the evening of March 2, 1957. The burglar or burglars gained entry by breaking a glass door in the rear of the residence. The fact that blood droplets left by a burglar had not completely dried by 12:00 midnight may indicate recentness but do not conclusively reveal how recently the burglary occurred

because, according to the evidence, blood drying time varies with temperature, humidity, ventilation, and thickness of the droplets. At 10:15 p. m. approximately a mile and a half north of the Paulin residence an officer stopped an automobile which had been speeding in a northerly direction. Andrade and Chavez, along with two others, were passengers in the automobile. The fifth occupant, the driver and owner, unsuccessfully attempted to run from the automobile after the officer had ordered him out. A search of the automobile trunk uncovered most of the items stolen from the Paulin residence and a search of the back seat uncovered the remainder (mostly clothing) along with some clothing belonging to Chavez. Food taken from the Paulin refrigerator and carried in a small airlines bag lined with a rubberized insulating material still felt cold when uncovered in the automobile. After midnight the police discovered a still-bleeding inch-long cut on the index finger of Vance, one of the other two passengers. Andrade and Chavez denied having any knowledge of the burglary or of the stolen property in the automobile.

To this evidence the defense added the following: Andrade and Chavez spent an hour to an hour and a half in the El Tropical Bar in the southwest section of Tucson somewhere between 6:00 p. m. and 8:30 p. m. according to the testimony of the bartender. Andrade and Chavez both testified that they arrived at the bar around 6:00 p. m. in the company of the other three men who were with them when the officer stopped the automobile, but the other three had not accompanied them inside the bar. They further testified that they left the bar and joined the others in the automobile outside the bar around 8:45 p. m. or 9:00 p. m., but that they knew nothing of the activities or whereabouts of the other three during the time that they themselves had spent in the El Tropical Bar. They said that before the officer stopped the automobile, the five of them had driven around town in search of a place to dance. Again they denied knowing anything about the burglary or that the trunk and back seat of the automobile contained stolen property.

██ Recent, exclusive, and unexplained possession of property stolen in a burglary presents a circumstance which tends to connect the possessor or possessors with the crime. Allen v. State, 26 Ariz. 317, 225 P. 332. However, the fact that Andrade and Chavez were passengers in an automobile containing the stolen goods does not establish possession of the stolen goods in them. No evidence shows that they even knew the goods were there. Nor do the facts proved establish joint possession among all five occupants of the automobile without some evidence of the presence of all of them at the scene of the burglary or a conspiracy among them to commit the burglary.

To warrant a conviction on circumstantial evidence alone, the evidence must be consistent with guilt and inconsistent with every reasonable hypothesis of innocence. State v. Butler, 82 Ariz. 25, 307 P.2d 916. The evidence in this case does not satisfy that test. When considered most favorably in support of the verdict, the evidence is nonetheless insufficient to sustain it, and the trial court should have granted the motions for directed verdicts of acquittal.

Judgment reversed with directions to dismiss the information against appellants.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ. concur.