**STATE of Missouri, Plaintiff-Respondent,**

v.

**Lloyd V. THOMPSON, Defendant-Appellant.**

**No. 57097.**

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Douglas N. Merritt, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for defendant-appellant.

HOLMAN, Presiding Judge.

This case involves the unusual situation of a direct appeal from a judgment entered following a trial which occurred in 1954. Defendant was charged with the offense of robbery in the first degree. See §§ 560.120 and 560.135 RSMo 1949, V.A.M.S.

The trial resulted in a verdict of guilty and the jury fixed defendant's punishment at 20 years' imprisonment which was reduced by the trial court to 15 years. The sentence was to run consecutively with a 25-year sentence previously imposed. Consequently, defendant did not begin serving the instant sentence until December 31, 1968. In 1971 the trial court (Judge Paul E. Vardeman) sustained a Rule 27.26, V.A.M.R., motion and set aside the judgment because of ineffective assistance of counsel, apparently in failing to perfect an appeal. The court then resentenced defendant to imprisonment for 15 years (with credit for time served), and this appeal followed in due course. We affirm.

The sole point raised on this appeal is that defendant should be awarded a new trial because illegally seized evidence was admitted to support the conviction. It should be stated at the outset that no motion to suppress was filed, the evidence was admitted without objection on the ground now urged, and this complaint was not mentioned in the motion for new trial. Defendant says we should grant the relief under Rule 27.20(c), the plain error rule.

Howard Walker worked at a gasoline service station located on Highway 71 in Jackson County. At sometime between four and five o'clock a. m., on February 15, 1953, a car occupied by three Negro men stopped for service. While servicing the car Walker (working alone) was struck from behind and rendered unconscious. He was discovered at 5 a. m., and sent to a hospital. He suffered a concussion and a broken jaw and was unconscious for an extended period of time. A deputy sheriff who saw Walker at the station said his head was swollen to twice its normal size. The owner of the station testified that $274 in cash, 20 cartons of cigarettes, and three Skelly automobile batteries were missing.

Later that day John Scott, an Arkansas Highway Patrolman, received a report that an automobile had overturned near Dardanelle, Arkansas. We quote a portion of his testimony, as follows: "Just before arriving to where I had information the car had overturned, I met this 1951 Chevrolet which had been turned over and the top caved in on it, the sides bent up, and observed three colored fellows in this car, which I had information they were in it. So I turned around immediately when I met them, took in pursuit of them, chased them approximately nine to ten miles at speeds up to ninety miles an hour, and the city marshal at Dardanelle joined the chase, got them pulled over, stopped them, [we] got them out of the car, talked to them, and found out they had been drinking, arrested them, took them in, charged one of them with driving under the influence, the other two of being drunk, and investigation. Checked with the Missouri Highway Patrol and found out they were in a stolen car and they were wanted by the city detectives here in Kansas City, Missouri." He further testified that they found $315 in currency and silver and three Skelly automobile batteries in the car. No details concerning the search of the car appear in the testimony. It does appear that the batteries were in the trunk and that the trunk was capable of being locked.

The three men arrested in Arkansas were defendant, Leslie Sheard, and Levi Sheard.

The defense was alibi. Defendant presented as his only witness Levi Sheard. Levi stated that his brother drove a taxi and that they had agreed to take defendant to Arkansas to see his mother who was ill; that they picked up defendant at his home at 5:45 a. m. on the day in question.

The point involved on this appeal relates to the admission in evidence of the three batteries.

■ As we have indicated, defendant contends that his Fourth and Fourteenth Amendment rights were violated in the seizure of the batteries and hence he should have a new trial. There are at least two

reasons why defendant cannot prevail on the stated contention. In the first place he does not have standing to object to this search. The evidence was that the automobile had been stolen and therefore was not owned by defendant. Also, the testimony indicated that defendant was a passenger in the car, that he was not the driver, and that he did not claim any possessory interest in the car. Under those facts, our decisions clearly hold that defendant was not entitled to raise the issue of illegal search. See State v. Edmonds, 462 S.W.2d 782 [1] (Mo.1971); State v. Taylor, 429 S.W.2d 254 [1] (Mo.1968); State v. Pruett, 425 S.W.2d 116 [6] (Mo.1968); State v. Worley, 383 S.W.2d 529 [13] (Mo.1964); and State v. Martin, 347 S.W.2d 680 [2, 3] (Mo.1961). The case at bar is factually distinguishable from the cases of State v. Witherspoon, 460 S.W.2d 281 (Mo.1970), and In Interest of J. R. M., Mo., 487 S.W.2d 502.

■ The second reason this point should be ruled against defendant is because he made no objection to the admission of this evidence in the trial court. We have heretofore stated that "[t]he validity of a search and the admissibility in evidence of the fruits of that search present issues collateral to the issue of guilt which are to be tried independently, State v. Dalton, Mo., 23 S.W.2d 1, and '[n]ot only must defendant file a motion to suppress the controverted evidence, but he has the burden of presenting evidence to sustain his contentions.' State v. Holt, Mo., 415 S.W.2d 761 at p. 764; Supreme Court Rule 33.-03(a)(5), V.A.M.R.; State v. Jonas, Mo., 260 S.W.2d 3. He must also keep the question alive by timely objection, State v. Tunnell, 302 Mo. 433, 259 S.W. 128; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, and by preservation of the issue in a motion for new trial." State v. Fields, 442 S.W.2d 30, 33 (Mo.1969). One sound reason for the rule is illustrated by this case. Since defendant did not object to the search in the trial court there is not sufficient evidence in the record for this court

to review the question. There was no occasion for the State to justify the search. If a motion to suppress had been filed the State might have proved consent for the search or some other fact which would have caused it to be held valid.

■ Defendant says that we should reverse the judgment and give him an opportunity to raise the question on a new trial because Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081 (1961), was not decided until after the trial of this case. He concedes that Mapp (which held that evidence illegally seized is not admissible in a state criminal trial) is not to be applied to the state court convictions which had become final before its rendition. Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601 (1965). Defendant contends that the judgment in this case was not final because it was subsequently set aside in a post-conviction proceeding. We do not agree. If defendant's contention should be upheld no judgment in a criminal case would ever be considered final because it would almost always be subject to some sort of post-conviction review. We hold that within the meaning of Linkletter, the judgment in this case was final at the time the Mapp opinion was adopted. Moreover, Art. I, § 15, Mo.Const., V.A.M. S., prohibits unreasonable search and seizure and defendant could have proceeded under it without the benefit of Mapp. See State v. Cuezze, 249 S.W.2d 373 (Mo. 1952).

■ Next, defendant points to the case of Fields v. Swenson, 459 F.2d 1064 (8th Cir., 1972), in which it is held that failure to raise the question of legality of a search in a state trial does not preclude inquiring into that claim in a federal habeas corpus proceeding where there had been no "deliberate bypass" of the matter. All we desire to say concerning that decision is that such is not the rule followed by this court. We may add that we think it would be very difficult to determine when there had been a "deliberate bypass" of such a question.

We have concluded that no "manifest injustice" has occurred in this case and we accordingly rule that it would not be appropriate to grant relief herein under Rule 27.20(c).

Judgment affirmed.

BARDGETT, J., concurs; SEILER, J., concurs in result on grounds that defendant could have raised the search and seizure objections at trial but failed to do so.