**STATE of Missouri, Respondent,**

v.

**Leland S. BROWNER, Appellant.**

**No. 35601.**

Missouri Court of Appeals, St. Louis District, Division Two.

Sept. 24, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal and Phil Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, John Bauer and James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Judge.

A jury found defendant guilty on two counts of carrying concealed weapons and he was sentenced to two concurrent five-year terms. Motion for a new trial was denied and he has appealed.

■ The determinative issue is whether defendant had standing to object to the search of an automobile in which he had been a passenger. We say no and affirm.

On the night of October 23, 1972, St. Louis City patrolmen Roach and Benson saw a Plymouth automobile heading north on De Baliviere Avenue. The patrolmen noticed the car had an unlighted license plate; they turned and followed it to a stoplight at Delmar Boulevard.

When the light changed to green the Plymouth turned left and the officers turned on their red flashing lights. The

Plymouth turned into a nearby restaurant parking lot followed by the patrol car. The patrolmen approached the car, occupied by three men. Defendant was seated in the back holding a brief case on his lap. The three occupants alighted and walked toward the restaurant. Officer Benson then asked the driver for his operator's license but was told he had forgotten it. The driver was arrested for operating the car with an unlighted license plate and for failure to display a driver's license.

Officer Benson then asked the defendant what was in the briefcase he had been holding. Without answering defendant fled across Delmar into an alley, pursued by Officer Roach. Officer Benson then searched the other two men, took the brief case from the rear seat of the car and opened it. Inside he found two loaded weapons, a sawed-off 12-gauge shotgun and a sawed-off 22-caliber rifle. When defendant was captured and returned to the scene by Officer Roach, he was arrested for carrying concealed weapons. Both firearms were admitted into evidence over defendant's objections that the search of the car was illegal.

■ On appeal defendant contends he had standing to object to the policemen's search of the car. (The result would not change even if we were to consider, ex gratia, that defendant's objection was to the search and seizure of the brief case rather than the car. This, because defendant lost standing when he abandoned the brief case. State v. Achter, 512 S.W.2d 894 (Mo.App., Springfield District, 1974)).

Defendant relies on In re J.R.M., 487 S.W.2d 502 (Mo. banc 1972). It is readily distinguishable. In that case the police confiscated the appellant's family car and towed it from a parking lot rented by the appellant's father. No search warrant had been obtained. The car was examined at the station by technicians and a search uncovered incriminating evidence. The trial court concluded appellant had no standing to object to the seizure and search. It is significant that in J.R.M., although appellant did not have title to the car, he at least had a constructive interest in it. It belonged to his family and he lived at home. He had permission to use the car at any time, regularly drove it to school, retained his own key and was covered by insurance on the vehicle. Under these circumstances the Supreme Court decided he did have standing to object.

The test utilized in J.R.M. was "whether defendant was entitled to and did have a reasonable expectation that the property would be free from governmental intrusion other than by a proper and lawful search and seizure." (at 508 [2]). Conversely, the defendant here had no such relation to the automobile in question. He was a casual passenger without privileges or rights of any kind in the use or possession of the car. The automobile searched here was in no way connected with the defendant in a way to give rise to such a reasonable expectation. He was a bystander, a passenger without an interest in the vehicle.

To uphold the search here the State relies on State v. Thompson, 490 S.W.2d 50 (Mo.1973), which involved a chase by a highway patrolman in pursuit of three men suspected of robbing a gas station attendant. Defendant there was tried for robbery and objected to the admission of items seized from the run-a-way car. After the three men had been captured they were charged with drunkenness and driving while intoxicated. They were found to be in a stolen car and had in their possession $315 and car batteries. Identical batteries were missing from the station, as was $275 in cash. Although defendant Thompson alleged his fourth amendment rights had been violated, the court held he was without standing to contest the search and seizure. They reasoned that the car was not owned by defendant; he was merely a passenger, not the driver, and claimed no possessory interest. The court distinguished that case from J.R.M.

A similar situation arises here. Defendant did not own the auto which was searched; he was a passenger and claimed no possessory interest. Hence, the same reasoning applied in *Thompson*, supra, applies here to distinguish *J.R.M.* from this case and refute defendant's claim to standing. To the same effect see State v. Hornbeck, 492 S.W.2d 802 (Mo.1973) denying standing of an automobile passenger. "The first essential prerequisite in challenging incriminating evidence seized in an allegedly unlawful search is that the person invoking the constitutional limitations on searches and seizures must have 'standing' to complain of its search." (at 808 [10]).

Judgment affirmed.

SMITH, P. J., and GUNN, J., concur.

McMILLIAN, J., concurs in results only.

McMILLIAN, Judge (concurring).

I concur in the result reached only, but dissent from that portion of the majority opinion which denies defendant standing. Unlike State v. Thompson cited by the majority, where the car was shown to be stolen and defendant had no interest whatsoever, the evidence in the instant case shows that defendant's presence in the automobile was with the permission and consent of the owner. Consequently, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), although dealing with premises rather than a vehicle, would seem to give standing to the defendant where he is present by either the express or implied consent of the owner of the automobile and the charge is one of possession of the proscribed article. Inasmuch as defendant had discarded the brief case, giving up his possession and immediate control, the case could be resolved against him on the complete theory of abandonment.