STATE of Missouri, Respondent,

v.

Alton M. PERKINS, Appellant.

No. KCD 28375.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

The appellant (defendant) was charged in a two count indictment with the crimes of Robbery, First Degree (Count I) and Rape (Count II). He was found guilty by a jury on both counts on September 26, 1975, and his punishment was fixed at fifty (50) years

on each count. He was thereafter on October 17, 1975 sentenced by the court, in accordance with such verdict, the sentences to run consecutively.

On October 27, 1975, the defendant filed his Notice of Appeal to this court from the judgment and sentence, in which he asserted that he had been "[C]onvicted of Rape, Section 559.260 and of Sodomy, Section 563.230." Of course, he had not been charged with, tried upon, nor convicted of sodomy in the court below, and the content of the notice undoubtedly arose from a stenographic or transcription error. In all other respects, the notice fully complied with the requirements under the Rules. This mistake in the notice in this regard was not raised by the state either by motion, in its brief, or in argument. The whole appeal has proceeded from its inception upon the basis that the notice of appeal was in fact from the two convictions suffered by the defendant and upon which he was charged and tried in this case. The appeal will be treated here, as it was treated by the parties, as presenting for review the actual convictions and judgment below, without further reference to the obvious mistake in the content of the Notice of Appeal. In so doing, this court in no way binds itself in the future, under other circumstances, to overlook such an obvious failure to comply with the specific and clear requirements of Rule 81.08, Rules of Civil Procedure (made applicable to criminal cases by Rule 28.03, Rules of Criminal Procedure) as to the content of a Notice of Appeal.

Upon this appeal the defendant urges two assignments of error. His first point is that the court erred in admitting into evidence a .22 caliber revolver, State's Exhibit No. 7, which he asserts was the product of an illegal search and seizure, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

The defendant's second point is that the court erred in refusing his motion for a severance and separate trials as to Count I (Robbery) and Count II (Rape), in that Rule 24.04 of the Missouri Rules of Criminal Procedure, permitting such joinder, is unconstitutional as violative of Article V, Section 3, of the Missouri Constitution.

No question is raised as to the sufficiency of the evidence, so a brief summary of the evidence adduced at both the pre-trial evidentiary hearing on defendant's motion to suppress the .22 caliber revolver and at the trial will be sufficient.

On the afternoon of June 13, 1974, B_____ L_____, the woman manager of an apartment house at 718 E. Armour Boulevard, Kansas City, Missouri, was summoned to the door of her apartment by two black males asking to be shown an apartment. The manager and the two men were joined by a third man at the elevator and she proceeded to show them an apartment on the second floor. Upon returning to her apartment, and after she had unlocked the door, the defendant put a handgun against her and pushed her into the apartment. She was forced to lie upon the floor and was bound and blindfolded; the men proceeded to ransack her apartment; and, she was thereafter taken to her bedroom and forcibly raped by at least two of the men. No further details of these sordid occurrences are necessary.

When the men left her apartment, B_____ L_____ called the police and reported the assault and battery. Among the items reported stolen was a blue steel .22 caliber revolver, and the victim was able to give the police the serial number thereof from her purchase record of the gun. After the defendant's arrest, B_____ L_____ identified him from photographs, and she made a positive in-court identification of him as one of her three assailants.

After the defendant's arrest, he gave a complete question and answer statement to detectives of the Kansas City, Missouri police department, in which he admitted his participation in the robbery and admitted he raped B_____ L_____ during the course thereof. As a part of this statement, he said that when the manager returned to her apartment after showing him and his companions the vacant apartment on the second floor, he, armed with a pistol owned

by one of his companions, forced their admittance; once inside, he pulled the gun, forced her to sit on the couch, then to lie on the living room floor; and, demanded her money. He stated that he "found" a .22 caliber revolver in the apartment and thereupon returned the gun he had been using to his friend and "kept" the revolver.

■ The defendant filed a motion to suppress this statement, upon the grounds it was obtained by threats and promises, and a pre-trial hearing was had thereon. The motion was overruled, and the statement was admitted into evidence at the trial, over the objection of defendant, and was read by the jury. This matter was preserved in defendant's motion for a new trial, but is not briefed upon this appeal, and is therefore abandoned.

The defendant was not arrested until July 30, 1974. On the morning of that day, Gilbert Hernandez, then a member of the Kansas City, Missouri police department, was off duty and was at an apartment complex on East 87th Street in Kansas City, where he also served as security guard. One of the tenants reported to him the presence of two suspicious black men in the complex and Hernandez, in plain clothes, commenced to look for them. In the complex parking lot he saw two black men emerging from one of the buildings and crossing the lot to a 1970 Pontiac convertible. He shouted at them to stop, that he was a police officer, but they hurried toward the car and the defendant entered the passenger side and his companion the driver's side, and Hernandez observed both stoop down toward the bottom of the front seat. Hernandez drew his service gun, again identified himself as a policeman, and ordered them from the car. He searched their persons but found no weapons. He asked the defendant's companion for his driver's license or other identification. He had none, nor any registration or evidence of ownership of the car. Likewise, the defendant had no identification. Hernandez placed them under arrest "for investigation for rape and robbery"; called for assistance; they were taken to the police station;

and, the automobile was taken to the police tow lot. Hernandez did not search the automobile but did make an official report of the case.

At the hearing on the motion to suppress the .22 caliber revolver as evidence, Hernandez testified that he had a police bulletin describing suspects in a number of robbery-rape cases, and of four automobiles thought to have been used in those cases. He stated that the personal descriptions of the defendant and his companion on July 30, 1974 checked with the bulletin, and that the Pontiac involved on that day was "close" to one of the cars described in the bulletin, particularly the fact that the lock on the trunk lid was "punched out". This testimony was not before the jury at trial, not being offered by the state.

Detective James Theisen of the Kansas City, Missouri police department testified that on July 30, 1974, he investigated the 1970 Pontiac at the police tow lot and found a .22 caliber revolver under the front seat, and the serial number on the gun checked with the number supplied the police by B_____ L_____ on June 13, 1974. On the hearing on the motion to suppress, he stated that at the police tow lot, he looked through the car window and saw a chrome-plated revolver protruding from under the front seat on the driver's side. When he opened the door, he saw another gun under the seat on the passenger side. He retrieved both weapons and the one under the passenger side was the .22 caliber revolver in question.

Theisen had no search warrant. At the time of the search, the defendant had been taken to jail. The evidence failed to disclose the ownership of the 1970 Pontiac automobile. The defendant did not testify at the trial.

■ In ruling the defendant's first assignment of error with reference to the alleged illegal search and seizure, this record is clear that, under the present state of controlling authorities, he lacked the necessary standing to challenge the constitutional validity of Detective Theisen's search of the Pontiac automobile. Defendant asserts no ownership or possessory interest in

the automobile. The record clearly shows that at the time of his arrest, he was sitting on the passenger side of the front seat and at the time of the search he was not physically present. His attempt to reach a position of "standing" to raise this point apparently consists of a claim of a possessory interest in the .22 caliber revolver found in the car by reason of the admitted fact that he had stolen the gun in the robbery and rape of June 13, 1974!! The "standing" envisioned as sufficient to challenge the constitutionality of a search and seizure cannot stem from the possession by a thief of stolen property seized by police under plain view, the circumstances of this case. *State v. Crawford*, 416 S.W.2d 178, 186[5] (Mo.1967); *State v. Edmonds*, 462 S.W.2d 782, 784[1] (Mo.1971); *State v. Hawkins*, 362 Mo. 152, 240 S.W.2d 688, 691[3] (1951); *State v. Camper*, 353 S.W.2d 676, 679[5] (Mo.1962).

This court has recently reviewed the current state of decisional law, authoritative here, as to this question of "standing" in the case of *State v. Bates*, 540 S.W.2d 161 (Mo.App.1976), citing *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 1569[1, 2], 36 L.Ed.2d 208 (1973); *State v. Thompson*, 490 S.W.2d 50, 51–52[1] (Mo.1973); *State v. Ross*, 507 S.W.2d 348, 353[3] (Mo.1974); *State v. Achter*, 512 S.W.2d 894, 899–900[5, 6, 7] (Mo.App.1974); *State v. Browner*, 514 S.W.2d 355, 356[1] (Mo.App.1974); and, *State v. Hornbeck*, 492 S.W.2d 802, 808[10, 12] (Mo.1973).

The factual circumstances with reference to the alleged illegal search and seizure of an automobile in which the defendant was a passenger and to which he claimed no possessory interest in, in *State v. Bates*, supra, are strikingly similar to the facts in the case at bar. In *Bates*, it was held that the defendant lacked standing to challenge the legality of the search and seizure, and the principles applied and authorities followed in *Bates* apply with equal vigor here and are adopted as controlling. No useful purpose would be served by repetition thereof.

The defendant here lacked the necessary standing to attack the legality of the search of the Pontiac automobile by Detective Theisen and the seizure of the stolen .22 caliber revolver. Defendant's first assignment of error is ruled against him.

■ The defendant's second assignment of error, the trial court's failure to grant a severance of the robbery and rape charges, has likewise been recently ruled by this court in *State v. Morgan*, 539 S.W.2d 660 (Mo.App.1976), wherein the defendant was charged with rape and robbery and made the same claim of error. His conviction on both charges in one trial was affirmed by this court under the compulsion of Rule 24.04, Rules of Criminal Procedure, as interpreted in *State v. Neal*, 514 S.W.2d 544, 550 (Mo. banc 1974, concurring opinion of Donnelly, J.); *State v. Walker*, 484 S.W.2d 284, 286[3] (Mo.1972); *State v. Johnson*, 505 S.W.2d 11, 12[1] (Mo.App.1974); and, *State v. Brooks*, 513 S.W.2d 168, 171[5] (Mo.App. 1973). All of these authorities are discussed in detail in this court's opinion in *Morgan*, and no useful purpose would be here served by further discussion. The opinion in *Morgan* is controlling in this case and results in the conclusion that the court below did not err in overruling defendant's motion for a severance, no constitutional rights of the defendant were thereby impinged, and he had no constitutional right to be tried on only one of the offenses charged, since both crimes were based upon acts which were part of the same transaction and part of a common scheme or plan (Rule 24.04), namely, the robbery and coincident rape of B____ L____. The defendant's second point is ruled against him.

The judgment is therefore affirmed.

All concur.