**STATE of Missouri, Plaintiff-Respondent,**

v.

**Stanley William HARRISON, Defendant-Appellant.**

**No. 49225.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 13, 1985.

Motion for Rehearing and/or Transfer Denied Oct. 3, 1985.

Peter J. Dunne, Asst. Public Defender, Clayton, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Appellant Stanley Harrison appeals his conviction of burglary second degree and felony stealing. The court imposed a sentence of two concurrent fifteen year prison terms. We affirm.

A criminal indictment filed in the Circuit Court of St. Louis County on March 24, 1984, charged the appellant with the offenses of burglary second degree and felony stealing. On April 19, 1984, the appellant entered pleas of not guilty and the cause proceeded to trial on August 14, 1984. The jury returned verdicts of guilty from which appellant brings his appeal.

The facts showed that the grocery store of one Sun Chyu was burglarized on January 11, 1984, during the early morning hours. In excess of $150.00 worth of liquor, cigarettes, and chicken was taken. There were indications of forced entry.

Police Officer Samuel Dean was patrolling in the neighborhood of the Chyu store at about 2:30 A.M. At this time, he saw two persons running from the rear of the grocery store carrying green trash bags. He saw the appellant run about twenty-five feet in front of his car. The appellant was wearing a brown skull cap and a cream colored jacket and jeans. Officer Dean activated his police lights. From previous encounters Dean was able to recognize the appellant at this time. The appellant dropped his bag and ran through a vacant lot and proceeded up a hill. Officer Dean called in a description of the appellant and arrested him personally ten to fifteen minutes later, spotting him in the 6200 block of Natural Bridge. The sound of dogs barking drew him to that area.

The contents of the garbage bags included liquor, cigarettes, and chicken meat. A trail of chicken meat was scattered between the grocery and where Officer Dean saw appellant with the trash bag.

The appellant, who had numerous prior convictions, testified that he was on his way home from the home of a girlfriend when stopped and arrested by Officer Dean. Appellant further testified to being hit with a night stick after arriving at the police station.

■ The determinative issue before us is whether the state's evidence was sufficient to support appellant's conviction. No testimony alleged that anyone saw the appellant break into the grocery store. Nor did the state produce any evidence that anyone saw him take anything out of the store. The prosecution, therefore, based its case on circumstantial evidence. The Supreme Court of Missouri in *State v. Arnold*, 566 S.W.2d 185, 187–88 (Mo. banc 1978) reiterated the appropriate standard of appellate review in such a case:

"... First, the facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. (Citations) Second, when the state's case rests upon circumstantial evidence, 'the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with his innocence and exclude every reasonable hypothesis of his innocence. (Citations) Third, the prevailing circumstantial evidence rule, supra, is realistically tempered in its application since '[i]n a case involving circumstantial evidence the circumstances need not be absolutely conclusive of guilty, and they need not demonstrate impossibility of innocence[;] ... the mere existence of other possible hypothesis is not enough to remove the case from the jury. (Citation)"

*Arnold* further held that "[a]n inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary and the inference exists both as to the offense of burglary and of stealing." 566 S.W.2d at 188 quoting *State v. Cobb*,

444 S.W.2d 408, 414 (Mo. banc 1969). The facts established that Officer Dean knew what appellant looked like. As evidence from the facts showed, Dean recognized appellant fleeing from the scene of the burglary carrying a trash bag. This bag was later found to contain items missing from the grocery. After dropping the bag and continuing his flight, appellant was apprehended by Dean a short time later. At the time of the arrest, appellant was wearing the same clothing as Dean described in a radio description given prior to his pursuit. Another officer, Charles Johnson, also witnessed appellant flee from the scene of the burglary wearing the brown skull cap and cream colored jacket. He later saw the appellant after his apprehension wearing the same jacket and cap. This evidence excludes appellant's hypothesis of his innocence that he was just walking home from a friend's house when arrested. A person cannot be in two places at one time. Appellant was either coming from the burglary, or he was coming from a friend's home. Two police officers consistently testified as to appellant's fleeing from the scene of the crime.

■ Standing alone, appellant's contention is correct that the mere presence at the scene of a crime plus flight therefrom will not sustain a conviction. However, presence of the defendant at the scene of the crime and his flight may be considered as indicia of guilt and will support conviction when coupled with other circumstantial evidence showing active participation in the offense. 566 S.W.2d at 189; *see also State v. Simons,* 494 S.W.2d 302, 305 (Mo. 1973). Here the state produced the additional circumstantial evidence required. Police testimony placed possession of the property, later discovered to be recently stolen from the grocery, in the appellant's arms. Here therefore, we have a combination of presence at the scene, an opportunity to commit the crime, possession of recently stolen goods, and flight, all in one continuous chain of events. This combina-

tion of facts distinguishes appellant's cases[1] from the present controversy. Appellant did not produce one piece of evidence or testimony other than his own to support his alibi. Appellant also argues his arrest came as a result of a vindictive plot against him by Officer Dean. This argument has no foundation or merit. Under the standard of review outlined in *Arnold, supra,* the above evidence taken as a whole is sufficient to convict the appellant. We affirm the decision of the trial court.

CARL R. GAERTNER and KAROHL, JJ., concur.

---

1. *State v. Aziz,* 647 S.W.2d 586 (Mo.App.1983); *State v. Keller,* 471 S.W.2d 196 (Mo.1971); *State v. Castaldi,* 386 S.W.2d 392 (Mo.1965); *State v. Dudley,* 617 S.W.2d 637 (Mo.App.1981).